**IN THE UNITED STATES COURT OF APPEALS**

FOR THE FEDERAL CIRCUIT

**In re: Kabir,**

Petitioner.

**No: 26-128**

On Petition for a Writ of Mandamus

from the United States District Court

for the District of New Jersey

(Civil Action No. 2:25-cv-15207 (EP) (JSA))

---

**SUPPLEMENT TO PETITION FOR REFILED WRITS OF MANDAMUS**

**(Record Preservation, Docketing Irregularities, and Inability to Litigate on Equal Footing)**

**1.**　　Petitioner respectfully submits this Supplement to the previously filed Petitions for Writs of Mandamus to clarify record-preservation issues, address the impact of recent district court orders, and explain why Petitioner can no longer litigate on equal footing in the United States District Court for the District of New Jersey under the present circumstances.

**I. Record Preservation Through ECF No. 191**

**2.**　　Petitioner affirms that he preserved a complete procedural and evidentiary record **from the inception of this action**, beginning with the Original Complaint filed on April 21, 2025, in the

United States District Court for the Middle District of Georgia, **through January 27, 2026**, when the most recent filing was docketed in the United States District Court for the District of New Jersey and reflected at **ECF No. 191**.

**3.**     This preserved record includes all filings, exhibits, correspondence, and related materials necessary to allow meaningful appellate review.

**II. Inability to Preserve the Record for ECF No. 192**

**4.**     Petitioner was **unable to preserve a contemporaneous record relating to ECF No. 192** (records docketed after January 27, 2026) due to the nature of that Order, which threatens additional sanctions and penalizes conduct that occurred in reliance on instructions provided by the Clerk's Office.

**5.**     Given the sanctioning posture of the Order and the reasonable fear of compounding penalties, Petitioner refrained from further district-court filings that could expose him to additional sanctions or adverse procedural consequences.

**III. Need for Appellate Review of ECF No. 192**

**6.**     Petitioner respectfully seeks to **critically analyze ECF No. 192** in light of the original Petitions for Writs of Mandamus and its previously filed Supplements, docketed as Appendix (see Doc. No. 2-2), so that the United States Court of Appeals for the Federal Circuit may understand the procedural context in which that Order arose. This Supplement is submitted for that purpose.

**IV. Contradictory Clerk's Office Instructions (Exhibits A–E within Doc. No. 2-2)**

**7.**     As documented in **Exhibits A through E**, Petitioner repeatedly received **contradictory instructions from the Clerk's Office**, each given in good faith, but collectively resulting in procedural prejudice to Petitioner.

a.     **USB Drive Submission**

i.     A Clerk of Court (Peter), acting in good faith, advised Petitioner to submit filings via a USB drive after electronic filing failures.

ii.     Petitioner complied.

iii.     Subsequently, another Clerk (Melissa), also acting in good faith, informed Petitioner that USB submissions were not acceptable.

iv.     The Court later memorialized that position in **ECF No. 138**.

Petitioner notes that in many federal courts, submission via CD-ROM or flash drive is accepted when CM/ECF filing fails. Petitioner did not receive comparable accommodation here, despite acting in reliance on Clerk instructions.

b.     **Printed Paper Submission**

i.     Clerk Melissa later advised Petitioner, again in good faith, to submit a printed paper copy of the filing.

ii.     Petitioner complied and explained the circumstances in **ECF No. 152**.

iii.     Petitioner preserved an **audio recording** of this conversation contemporaneously.

Nevertheless, **ECF No. 192 penalizes Petitioner for submitting paper copies given repeated ADS failures**, despite those copies having been submitted in reliance on explicit Clerk's Office guidance.

### V. Resulting Procedural Catch-22

**8.**      Petitioner is placed in an untenable position where:

   a.      Compliance with one set of Clerk instructions results in later sanctions;

   b.      Attempts to cure filing defects are not docketed; and

   c.      Each remedial step appears to increase procedural risk rather than resolve the filing defect.

**9.**      When Petitioner attempted in good faith to overcome the procedural catch-22 described above—namely, the inability to file electronically, the rejection of alternative submission methods, and the risk of sanctions for any corrective effort— Petitioner served notice of the Writs of Mandamus directly to chambers**, given that prior paper filings did not reach chambers, leading to adverse orders**. The circumstances and context of this event are detailed in **Paragraph 9 of the Refiled Petition for Writs of Mandamus filed in the United States Court of Appeals for the Federal Circuit**, which Petitioner incorporates by reference for completeness. Petitioner emphasizes that this contact was not an attempt to influence the merits of any issue, but rather a good-faith effort to resolve filing mechanics in the absence of clear, consistent guidance and amid escalating sanction risk.

### VI. Good-Faith Reporting of Docketing Related to Disability

**10.**     In **ECF No. 129**, Petitioner requested reasonable leniency and accommodation based on being on the autism spectrum. Petitioner explained that neurodivergent communication may differ from that of the general population.

**11.**     Individuals on the autism spectrum are often characterized by heightened attention to detail and a tendency toward thorough documentation. In Petitioner's case, this has manifested in careful observation of procedural events and systematic record preservation. Consistent with that cognitive style, Petitioner filed eight record-preservation notices documenting perceived docketing irregularities affecting pro se litigants in the District of New Jersey.

**12.**     Petitioner respectfully observed that **each docketing failure, missing entry, selective upload, untimely docketing, or out-of-sequence docketing event has, as a practical matter, operated to the procedural benefit of the defendants**. These concerns are described in detail in the original Petitions for Writs of Mandamus and in previously filed Supplements (see Doc. No. 2-2).

**13.**     Petitioner further notes that his extensive filings—including **Exhibit 32.2**, a comprehensive patent-validity analysis exceeding 254 pages, and more than forty additional exhibits—were submitted not for excess or repetition, but to preserve the record in a technically complex case involving patent, copyright, and trade-secret claims. Petitioner submits that each exhibit was directly relevant, materially advanced the merits of the case, and contributed to demonstrating defendants' potential liability in this complex intellectual property action.

**14.**     Petitioner submits that these filing patterns reflect an effort to ensure accuracy, completeness, and appellate reviewability, rather than abuse of process. Petitioner respectfully maintains that reasonable accommodation for neurodivergent litigants should focus on

facilitating equal access and understanding, not penalizing thoroughness undertaken in good faith.

**15.** Petitioner **does not allege willful misconduct, bad faith, or intentional wrongdoing** by the Clerk's Office or the Court.

**VII. Voluminous Filings Addressed in ECF No. 135**

**16.** The Court has characterized Petitioner's filings as voluminous. Petitioner respectfully requests that the Court read **ECF No. 135 in its entirety**, which explains why such filings are **necessary, proportional, and permitted** given:

a.    the complexity of the patent, copyright, and constitutional issues;

b.    the need to preserve the appellate record; and

c.    the procedural asymmetry faced by a pro se inventor litigating against institutional defendants.

**17.** As previously noted in the *Notice of Record Preservation Regarding Docketing Burdens on Pro Se Litigants: Step 1* (ECF No. 153, ¶ 3), Petitioner explained that autism-spectrum traits— such as sustained focus, advanced pattern recognition, attention to detail, and persistence in complex technical problem-solving—have informed Petitioner's ability to document his own inventions comprehensively and to identify how defendants have misappropriated those inventions. Petitioner further noted that this capacity is derived from decades of interdisciplinary experience, including work as a practicing physician, software developer, and researcher with experience in diagnostic reasoning, statistics, and economics.

## VIII. Lack of Constructive Guidance and Case-Management Support

**18.**　　Petitioner has received no constructive guidance from either the Clerk's Office or the Court regarding how to file without risking further sanctions. Petitioner notes that contemporaneous audio recordings of telephone communications with the **Clerk's Office** exist and may corroborate this point if needed.

**19.**　　Petitioner has practiced medicine in high-risk hospital settings for multiple decades without ever having been named in a malpractice action, which Petitioner submits demonstrates the ability to follow complex instructions accurately and to carry out professional responsibilities precisely when clear guidance is provided.

**20.**　　Petitioner respectfully observes that the **District of New Jersey lacks a dedicated case manager**, whereas Petitioner's experience in the United States Court of Appeals for the Third Circuit was markedly different due to consistent, cordial, and clear communication with a case manager.

## IX. Potential Future Defendants

**21.**　　Paragraph 9 of ECF No. 129 also mentions that Petitioner may seek recusal consideration of Honorable Judge Evelyn Padin should the case proceed beyond the motion-to-dismiss stage, as Petitioner anticipates potentially adding Google as a defendant.

## X. Decision to Cease District-Court Filings

**22.**　　Petitioner states that, throughout this action, the District Court's docketing practices have been **sporadic, untimely, and selective**, particularly when filings were submitted through the

ADS system. Procedural rules governing filing methods changed during the pendency of the case, from inception through the present, **without clear notice or consistent explanation**, leaving Petitioner unable to determine which submissions were considered procedurally proper at any given time.

**23.**    With the entry of **ECF No. 192**, Petitioner experienced what amounts to a **complete blockade of access to the Court**. That Order threatens sanctions for further filings, yet does not specify which filings were procedurally improper, why access was restricted, or what corrective steps—if any—remain available. At the same time, paper filings are expressly not docketed, as reflected in ECF No. 192, and electronic ADS access has effectively been withdrawn, leaving **no viable method by which Petitioner can litigate on equal footing**.

**24.**    Under these extraordinary circumstances, and in compliance with ECF No. 192, Petitioner did **not** attempt to file this Supplement or the Refiled Petition for Writs of Mandamus in the District Court for the District of New Jersey via printed form. Instead, Petitioner respectfully requests recognition of an **extraordinary service posture**, whereby these materials were served by email on counsel of record, and notice to the Honorable Evelyn Padin has been withheld pending further instruction, because Petitioner lacks meaningful access to the district court docket due to:

    **a.**  the threat of sanctions for further filings,

    **b.**  loss of reliable electronic filing access, and

    **c.**  the repeated disappearance of prior paper submissions, for which Petitioner cannot establish receipt because they were never acknowledged or docketed.

25.    ECF No. 192 does not clarify which paper documents, if any, were received, which were missing, or why prior paper submissions repeatedly failed to appear on the docket. As a result, Petitioner cannot demonstrate proof of receipt, cure perceived defects, or safely preserve the record without risking further sanctions. These conditions collectively render district-court filing impracticable and justify Petitioner's request that the Court of Appeals consider this matter notwithstanding the absence of a district-court docket for the present submissions.

26.    In light of **ECF No. 192** and the cumulative procedural pattern since the inception of the case, Petitioner has decided **not to file further materials in the District Court for the District of New Jersey**, as continued participation presents a foreseeable risk of additional strikes or sanctions. This risk is reasonably predictable based on the pattern of prior orders.

### XI. Predictability, Cognitive AI, and Context

27.    Petitioner is the inventor of the Cognitive AI systems at issue in this action. Petitioner's work focuses on analyzing patterns of human decision-making based on observable inputs such as behavior, demographics, and contextual factors. Petitioner has previously written on these subjects, including a book titled *How Humans Think*, published under a pen name, and has developed analytical software addressing predictive modeling of decision patterns (see https://forecastthefuture.ai/ for background context).

28.    Based on the sequence and substance of prior orders in this case, Petitioner reasonably anticipates that additional adverse rulings may issue without full consideration of the merits, consistent with the procedural pattern reflected in earlier orders. For this reason, Petitioner submits that a change of venue is necessary to ensure meaningful access to the courts and fair consideration of the issues presented.

**29.** In **ECF No. 120**, filed on November 28, 2025—**well before** any Petition for Writ of Mandamus was submitted—Petitioner filed a *Plaintiff's Notice Regarding Record Preservation and Docketing Issues*, in which Petitioner expressly asked the Court to read the filing in its entirety to understand the procedural conditions then unfolding and the concerns Petitioner anticipated regarding venue.

**30.** For record-preservation purposes, Petitioner **quoted verbatim** in ECF No. 120 as follows: *"For purposes of preserving the record, Plaintiff notes that the relationship between venue doctrine, corporate domicile, and the procedural burdens these rules place on pro se litigants may merit consideration by a reviewing court. Because WebMD's principal place of business is in New Jersey, the precedent in* TC Heartland LLC v. Kraft Foods Group Brands LLC, 581 U.S. (2017) *requires the venue to lie in this district. Consequently, the Plaintiff is compelled to litigate in a district with procedural rules that the Plaintiff finds substantially more difficult to navigate than his prior forum. Plaintiff does not allege improper motive but raises the issue because* TC Heartland *may prejudice pro se inventors who may be compelled to litigate in districts with more demanding procedural environments. Plaintiff seeks to preserve this issue for potential appellate review should the outcome of this case turn on such procedural circumstances."*

**31.** Petitioner notes that these observations were made **prospectively**, for preservation purposes only, and not in response to any later adverse ruling. As subsequent events have unfolded, the concerns identified in ECF No. 120 have become increasingly relevant to the question of whether venue in this action permits meaningful access to the courts and procedural parity for a pro se litigant. Petitioner therefore reiterates the request that ECF No. 120 be

considered in its entirety as part of the preserved record, particularly insofar as it bears on future

venue determination and appellate review.

## XII. Separate Extraordinary Writ Concerning Hallucination Risks

**32.**    Petitioner further notes that concerns relating to **hallucination, fabrication risk, and the**

**integrity of judicial decision-making when AI-generated or AI-assisted submissions are**

**involved** are the subject of a **separate and independent Extraordinary Writ** filed by Petitioner in

the United States Court of Appeals for the Third Circuit, docketed as **No. 26-1163**. That petition

addresses the hallucination issue in detail, including its implications for due process, public trust,

and ethical accountability in federal litigation, particularly in cases involving pro se and

underrepresented litigants. Petitioner incorporates that matter by reference for contextual

awareness only and clarifies that the hallucination issues raised therein are **not the basis of the**

**present mandamus request**, but rather constitute a distinct jurisdictional and supervisory

concern fully briefed in the Third Circuit filings.

## XIII. Extraordinary Record-Preservation Request

**33.**    Accordingly, Petitioner requests that the Federal Circuit permit **extraordinary record-**

**preservation measures**, allowing Petitioner to submit preserved records relating to **ECF No. 192**

**and any future adverse district-court orders** at a later stage, when doing so will no longer

expose Petitioner to sanctions in the District of New Jersey.

**34.**    In addition, in an effort to comply fully with ECF No. 192, Petitioner understands that even

sending a notice of service by electronic mail to the Honorable Judge Padin may carry a risk of

sanction. Petitioner therefore refrains from further direct electronic communications unless and until expressly instructed otherwise by the Court.

### XIV. Relationship to the Pending Refiled Writs of Mandamus

**35.**     Each Supplement filed in this matter corresponds to a **specific district-court action taken after the initial Writs of Mandamus were filed**.

**36.**     Petitioner does not seek any relief beyond that expressly requested in the Refiled Petition for Writs of Mandamus (Doc. No. 2-1). The relief sought therein is incorporated by reference and remains unchanged.

**Respectfully submitted,**

*Azad Kabir*

**/s/ Azad Kabir**

Azad Kabir, M.D., M.S.P.H.

Petitioner, Pro Se

1120 Beach Blvd

Biloxi, MS 39530

Email: azad.kabir@ddxrx.net

Tel: (228) 342-6278

Date: **February 6, 2026**

**CERTIFICATE OF SERVICE**

*(Fed. R. App. P. 21; Fed. Cir. R. 21)*

I, **Azad Alamgir Kabir, M.D., M.S.P.H.,** Petitioner proceeding pro se, hereby certify on **February 6, 2026**, that service of the foregoing *Supplement to the Refiled Petition for Writs of Mandamus* was made as follows:

**1. Service on the District Court Judge**

Pursuant to Federal Rule of Appellate Procedure 21(a)(1), service on the Honorable Evelyn Padin, United States District Judge for the District of New Jersey, is ordinarily required for notice purposes. However, in light of ECF No. 192, which restricts email communications and warns of potential sanctions, and given that prior service communication of Writs of Mandamus directed to chambers was characterized as ex parte communication, Petitioner has refrained from effecting service by electronic mail or paper and respectfully awaits further instruction from the Court regarding the appropriate method of compliance with this service requirement.

**2. Service on All Parties to the District Court Proceeding**

Pursuant to Federal Rule of Appellate Procedure 21(a)(1) and Federal Rule of Appellate Procedure 25(c), a copy of the Supplement to the Refiled Petition for Writs of Mandamus was served by electronic mail on all counsel of record for the parties in the underlying district court action.

**3. Method of Service**

All service described above, where effected, was completed by electronic mail, which is a permitted method of service under Federal Rule of Appellate Procedure 25(c).

I declare under penalty of perjury that the foregoing is true and correct.

Date: **February 6, 2026**

/s/ **Azad Kabir, M.D., M.S.P.H.**

Azad Kabir, M.D., M.S.P.H.

Petitioner, Pro Se