**IN THE UNITED STATES COURT OF APPEALS**

FOR THE FEDERAL CIRCUIT

**In re: Kabir,**

Petitioner.

**No: 26-128**

On Petition for a Writ of Mandamus

from the United States District Court

for the District of New Jersey

(Civil Action No. 2:25-cv-15207 (EP) (JSA))

---

**CORRECTED NOTICE REGARDING POTENTIAL PARALLEL REGULATORY COMMUNICATIONS AND REQUEST FOR GUIDANCE**

**1.** Petitioner respectfully submits this corrected filing to replace the document inadvertently filed at Dkt. No. 12, which contained an incorrect attachment. No substantive changes have been made.

**2.** Petitioner **Azad Kabir**, proceeding **pro se**, respectfully submits this Notice to inform the Court of certain procedural facts and to request guidance. This Notice is provided **for transparency only** and is **not an accusation**, allegation, or assertion of wrongdoing against any party, attorney, judge, clerk, or governmental agency.

**I. Background and Regulatory Communications**

**3.** Petitioner has previously submitted informational complaints or correspondence to certain governmental or regulatory authorities concerning alleged trade secret misappropriation and related competitive concerns. Those submissions were made before, or contemporaneously with, the filing of the underlying civil action.

**4.** The governmental and regulatory bodies to which such filings or communications were made include, without limitation:

**a.** The **United States Attorney's Office for the Southern District of Mississippi**

**b.** The **United States Attorney's Office for the District of New Jersey**

**c.** The **United States Department of Justice, Antitrust Division** (Washington, D.C.)

**d.** The **Federal Trade Commission**

**e.** The **Office of the Attorney General of the State of New Jersey**

**II. Status of Investigation**

**5.** To date, Petitioner has **received only a few formal written or informal notices, but has not received a charging instrument, report, or findings** from any governmental or regulatory office confirming the scope or status of any criminal, civil, or regulatory investigation.

**6.** Petitioner does not rely upon any communications from regulatory authorities as a basis for relief in these proceedings and therefore provides no additional detail at this time.

**7.** Accordingly, Petitioner **does not represent that any criminal, civil, or regulatory investigation is pending**, nor does Petitioner claim that any findings have been made.

**III. Purpose of Prior Regulatory Filings**

8. The original regulatory submissions were made in connection with concerns regarding **trade secret misappropriation and related competitive conduct**, and later communications included information relating to **docketing irregularities, filing abnormalities, and record-preservation concerns** encountered by Petitioner in this litigation.

9. Petitioner expressly states that:

    a. Petitioner **does not accuse** any defendant, attorney, judge, or court clerk of wrongdoing;

    b. Petitioner has **not alleged misconduct** by the Court or its staff;

    c. Petitioner has merely documented **procedural irregularities** encountered in docketing and filing, and preserved those concerns by notice.

10. This Notice is submitted solely to preserve the record, clarify that regulatory communications occurred prior to or contemporaneously with the underlying civil action, and avoid any later suggestion that such communications were concealed. Petitioner does not request this Court to make factual findings regarding any regulatory matter.

**IV. Relevance to the Pending Writ Proceedings**

11. Petitioner submits this Notice because the **existence or non-existence of parallel regulatory inquiries**, and any factual findings (if any exist), may be relevant to the

**procedural access-to-courts issues** raised in the pending petitions for writs of mandamus, which address the civil component of this case.

12. The procedural history underlying the writ petitions is central to the relief sought.

### V. Record Preservation

13. Petitioner has previously experienced the striking of an opposition addressing trade secret claims, and filings related to Thoughti repeatedly encountered docketing difficulties, as detailed in the mandamus petitions. In light of those circumstances, Petitioner proceeded cautiously and delayed formal notice to the Court in an effort to avoid compounding existing procedural issues.

14. Petitioner plans to undertake final record-preservation submissions **once the procedural posture in the United States District Court for the District of New Jersey has been resolved or clarified**, and when such preservation can be accomplished without creating additional procedural friction.

15. At that time, Petitioner intends to preserve the record **in a single, comprehensive submission**, together with any other materials necessary to ensure a complete and accurate procedural record for appellate review or further proceedings, as permitted by applicable rules.

16. Petitioner does not allege retaliation, misconduct, or improper motive by any party, counsel, judge, clerk, or court staff, and raises these facts only for purposes of transparency and record preservation.

17. Petitioner further respectfully states that, in the event any governmental or regulatory authority issues a formal charging instrument, written findings, or official report

materially bearing upon the procedural irregularities at issue, Petitioner reserves the right to seek appropriate relief, including renewal or supplementation of the pending or prior petitions for writs of mandamus, as permitted by applicable rules.

**VI. Request for Guidance (Not Relief)**

**18.**     Courts have recognized that civil proceedings may proceed in parallel with governmental or regulatory inquiries. See United States v. Kordel, 397 U.S. 1 (1970); SEC v. Dresser Industries, 628 F.2d 1368 (D.C. Cir. 1980) (en banc).

**19.**     Petitioner does not seek disclosure of investigative files but provides notice of potential parallel communications solely for record preservation and respectfully requests guidance as to whether the Court deems any clarification appropriate within the limited scope of its mandamus jurisdiction.

**20.**     Petitioner does **not** ask this Court to assume the existence of any investigation, nor does Petitioner request the Court to make factual findings at this time.

**21.**     Petitioner respectfully seeks guidance on the following limited question: whether, in the event that a governmental authority issues a formal charging instrument or official written findings materially bearing upon the procedural issues raised in the petition, such development may provide a basis for judicial notice, rehearing, or other appropriate procedural consideration under the applicable appellate rules.

**VII. Pro Se Status and Equity Considerations**

**22.**     Petitioner respectfully notes that this matter involves **multiple extremely large corporate entities** with substantial financial and institutional resources. Historical

experience demonstrates that **pro se litigants in high-profile cases often face severe procedural disadvantages**.

23.     Petitioner does not seek preferential treatment but respectfully requests the Court's **guidance and equitable consideration** in determining the proper handling of this information to ensure fairness, transparency, and preservation of the record.

**Respectfully submitted,**

**/s/ Azad Kabir**

Azad Kabir, M.D., M.S.P.H.

Petitioner, Pro Se

1120 Beach Blvd

Biloxi, MS 39530

Email: azad.kabir@ddxrx.net

Tel: (228) 342-6278

Date: **February 12, 2026**

**CERTIFICATE OF SERVICE**

*(Fed. R. App. P. 21; Fed. Cir. R. 21)*

I, **Azad Alamgir Kabir, M.D., M.S.P.H.**, Petitioner proceeding pro se, hereby certify on **February 12, 2026**, that service of the foregoing **Notice Regarding Potential Parallel Regulatory Communications and Request for Guidance** was made as follows:

**1. Service on the District Court Judge**

Pursuant to Federal Rule of Appellate Procedure 21(a)(1), service on the Honorable Evelyn Padin, United States District Judge for the District of New Jersey, is ordinarily required for notice purposes. However, in light of ECF No. 192, which restricts email communications and warns of potential sanctions, and given that prior service communication of Writs of Mandamus directed to chambers was characterized as ex parte communication, Petitioner has refrained from effecting service by electronic mail or paper and respectfully awaits further instruction from the Court regarding the appropriate method of compliance with this service requirement. Petitioner submits this explanation solely to preserve the record and does not intend to waive compliance with Rule 21(a)(1) should the Court direct an alternative method of service.

**2. Service on All Parties to the District Court Proceeding**

Pursuant to Federal Rule of Appellate Procedure 21(a)(1) and Federal Rule of Appellate Procedure 25(c), a copy of the foregoing **Notice Regarding Potential Parallel Regulatory Communications and Request for Guidance** was served by electronic mail on all counsel of record for the parties in the underlying district court action.

**3. Method of Service**

All service described above, where effected, was completed by electronic mail, which is a permitted method of service under Federal Rule of Appellate Procedure 25(c).

I declare under penalty of perjury that the foregoing is true and correct.

Date: **February 12, 2026**

/s/ **Azad Kabir, M.D., M.S.P.H.**

Azad Kabir, M.D., M.S.P.H.

Petitioner, Pro Se