**IN THE UNITED STATES COURT OF APPEALS**

FOR THE FEDERAL CIRCUIT

**In re: Kabir,**

Petitioner.

**No: 26-128**

On Petition for a Writ of Mandamus

from the United States District Court

for the District of New Jersey

(Civil Action No. 2:25-cv-15207 (EP) (JSA))

---

**NOTICE OF SUPPLEMENTAL CONSTITUTIONAL ARGUMENTS AND CLARIFICATION REGARDING VENUE CHALLENGE**

**1.** Petitioner, Azad Kabir, M.D., M.S.P.H., proceeds pro se and is not a member of any bar licensed to practice before the federal courts. Unlike the represented parties, Petitioner does not possess formal legal training in federal procedural rules, nor does he have access to institutional litigation resources. As a full-time working professional responsible for supporting his household, Petitioner must litigate this matter during limited personal hours, not by choice, but as the only available option.

**2.** The development of complex legal arguments—particularly those involving patent jurisdiction, venue doctrine, constitutional due process, and appellate mandamus

standards—does not occur instantaneously. Rather, legal reasoning evolves incrementally as issues are researched, understood, and refined. For a pro se litigant, this process is necessarily iterative. Supplemental filings, therefore, reflect progressive clarification, not gamesmanship or delay. This is precisely why permitting clarification and corrective amendment, rather than dismissal or striking of filings, is essential to preserving meaningful access to justice in federal litigation, where publicly reported judiciary statistics reflect that pro se litigants prevail in only a small minority of civil cases; the purpose of this observation is not to assign causation, but to underscore the importance of ensuring fair opportunity to be heard.

**3.** The Supreme Court has further recognized that due process guarantees a "meaningful opportunity to be heard" when individuals are required to resolve claims through the judicial process. *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971). Where procedural mechanisms effectively prevent participation in ongoing litigation, that opportunity is compromised. In addition, the Fifth Amendment's Due Process Clause incorporates equal protection principles applicable to the federal government. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). Accordingly, procedural rules administered in federal court must not create structural disparities that deprive unrepresented litigants of meaningful access to adjudication.

**4.** Petitioner submits this Notice to refine and clarify the constitutional grounds for relief. As a *pro se* litigant, Petitioner's understanding of the interplay between the Fifth Amendment and federal court procedures has evolved through diligent research. This filing is intended to provide the Court with the most precise doctrinal framework possible to

ensure a decision on the merits of the patent and venue claims, which further support—but do not expand—the relief previously requested in the pending Petition for Writ of Mandamus.

5. Petitioner respectfully clarifies that the Third Circuit proceeding does not encompass the patent claims or the venue challenge associated with those claims. Under 28 U.S.C. § 1295(a)(1), this Court retains exclusive jurisdiction over appeals and mandamus petitions arising from patent matters, including venue determinations tied to patent claims. While certain constitutional issues concerning copyright, trade secret claims, and filing access are presented to the Third Circuit, the patent-specific venue question cannot be adjudicated there. Accordingly, this Petition does not create jurisdictional overlap but instead reflects the statutory allocation of appellate authority between the circuits.

6. **Federal Circuit Jurisdiction (Patent and Venue):** Petitioner affirms that this Court, the United States Court of Appeals for the Federal Circuit, has exclusive jurisdiction over the **Patent-related claims** and the associated **Venue Challenge** pursuant to 28 U.S.C. § 1295(a)(1). Petitioner maintains his request for a Writ of Mandamus in Case No. 26-128 to address the District Court's failure to properly manage the patent docket and Petitioner's right to a venue that can reliably adjudicate technical patent data. **Petitioner does not waive his venue challenge before this Court.**

7. **Third Circuit Jurisdiction (Copyright, Trade Secret, and Filing Access):** Petitioner has filed a separate Petition for Writ of Mandamus in the United States Court of Appeals for the Third Circuit (In re: Azad Kabir, case no. pending, on January 20, 2026). That proceeding

is limited to challenges regarding **Copyright and Trade Secret claims**, as well as the District Court's orders (D.E. 178 and D.E. 192) striking oppositions and revoking electronic filing access.

8.  **Fifth Amendment Violations as a Common Thread:** Petitioner respectfully clarifies that the filing of mandamus petitions and the progression from the First through Fourth Amended Complaints were not strategic excess, but arose from recurring docketing irregularities and filing-access constraints in the District of New Jersey. Petitioner seeks appellate review of whether the cumulative effect of missing entries, delayed or out-of-sequence docketing, the striking of opposition briefing, and the revocation of electronic filing access **as a practical matter, operated to the procedural benefit of the defendants** and constitutes a violation of Petitioner's **Fifth Amendment rights to Due Process and its inherent Equal Protection component**. The District Court characterized electronic filing as a "privilege" (ECF No. 192). Petitioner respectfully submits that when procedural restrictions materially limit a litigant's ability to defend protected property interests, due process concerns arise. See *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971) (recognizing that due process requires a meaningful opportunity to be heard when access to judicial resolution is required). A court cannot impose functional barriers with compounding docketing irregularities —such as the transition from an already inferior "second-tier" system to a total deprivation of electronic access—that effectively terminates a litigant's ability to defend protected property interests without due process. Where the cumulative effect of filing restrictions functions as a barrier to timely participation, the resulting impairment may not be fully remediable on post-judgment appeal.

9. Petitioner asserts that in the modern litigation environment, the availability of a functional and reliable filing method is a prerequisite for the **'meaningful opportunity to be heard'** guaranteed by the Fifth Amendment. When a *pro se* litigant is relegated to a system with documented failure rates and subsequently stripped of all electronic access, the resulting structural asymmetry functions as a barrier to the courts. This deprivation prevents the Petitioner from maintaining the procedural parity necessary to defend protected property interests—including patents, copyrights, and trade secrets—on equal terms with represented parties. The specific procedural injury—where the combined effect of striking a merits-based opposition (D.E. 178) and revoking filing access (D.E. 192) operates as a constructive dismissal—is detailed in the pending mandamus petitions and related amendments.

10. In this regard, Petitioner incorporates by reference **Appendix A** and the **Supplemental Argument Regarding AI Use, Hallucination Risk, Structural Asymmetry, and Access to Courts**. These documents detail how the District Court's reliance on ECF No. 192 to revoke filing access creates a "unequal practical access" that violates the Fifth Amendment. Petitioner submits these arguments to this Court to demonstrate that the procedural failures in the District of New Jersey are not isolated incidents, but represent a systemic barrier that directly impairs Petitioner's ability to litigate the **patent claims and venue challenge** currently before this Court.

11. **Constitutional Parity and Functional Access.** The systemic exclusion of *pro se* litigants from primary filing infrastructure (CM/ECF)—particularly where CM/ECF access had previously been permitted in this action and in other federal courts, paired with the

revocation of alternative electronic means (ADS), and inconsistent, untimely, and missing docketing to provide advantage to the defendants, creates a "structural asymmetry" that cannot be remedied by post-judgment appeal. Petitioner asserts that in the digital era, a **meaningful opportunity to be heard** requires access to a reliable filing interface that ensures procedural parity. The cumulative effect of these restrictions has altered the adversarial framework in a manner that cannot be fully remedied by post-judgment appeal.

**12.** This is especially critical where a *pro se* litigant utilizes modern tools, such as Artificial Intelligence, as a technological "bridge" to overcome the educational and resource gaps inherent in *pro se* status. Depriving Petitioner of a functional method to submit time-sensitive filings constitutes a functional barrier that threatens the permanent loss of protected intellectual property without Due Process.

**13.** Petitioner does not seek mandamus merely because recent rulings have been adverse. Rather, the cumulative procedural effect of post-September 17 orders—particularly the striking of opposition briefing and the imposition of filing-access restrictions without curative leave and all other docketing irregularities that favors the defendants—has altered the procedural posture in a manner that impairs fair adjudication of the venue challenge itself. The concern is structural, not an isolated error.

**14.** Mandamus relief may be appropriate where ongoing procedural constraints materially prevent meaningful consideration of statutory venue rights under 28 U.S.C. § 1404(a) and governing patent venue principles. Here, the compounding effect of these rulings has created a procedural impasse in which the venue issue cannot be fully litigated within the current framework.

**15.     Conclusion:** Petitioner respectfully submits this Notice to supplement—not expand—the relief previously requested in the pending Petition for Writ of Mandamus (No. 26-128). Petitioner requests that the Court consider the constitutional implications described herein in evaluating the existing request for supervisory and venue-related relief necessary to restore procedural parity and meaningful access to adjudication.

**Respectfully submitted,**

*/s/ Azad Kabir*

**/s/ Azad Kabir**

Azad Kabir, M.D., M.S.P.H.

Petitioner, Pro Se

1120 Beach Blvd

Biloxi, MS 39530

Email: azad.kabir@ddxrx.net

Tel: (228) 342-6278

Date: **February 22, 2026**

**Attachments:**

**Appendix A:** Supplemental memorandum addressing due process considerations arising from cumulative filing restrictions and their impact on meaningful adversarial participation.

**CERTIFICATE OF SERVICE**

*(Fed. R. App. P. 21; Fed. Cir. R. 21)*

I, **Azad Alamgir Kabir, M.D., M.S.P.H.**, Petitioner proceeding pro se, hereby certify on **February 22, 2026**, that service of the foregoing **Notice of Supplemental Constitutional Arguments and Clarification Regarding Venue Challenge** was made as follows:

**1. Service on the District Court Judge**

Pursuant to Federal Rule of Appellate Procedure 21(a)(1), service on the Honorable Evelyn Padin, United States District Judge for the District of New Jersey, is ordinarily required for notice purposes. However, in light of ECF No. 192, which restricts email communications and warns of potential sanctions, and given that prior service communication of Writs of Mandamus directed to chambers was characterized as ex parte communication (audio recording of phone call available for the court's review), Petitioner has refrained from effecting service by electronic mail or paper submission and respectfully awaits further instruction from the Court regarding the appropriate method of compliance with this service requirement. Petitioner submits this explanation solely to preserve the record and does not intend to waive compliance with Rule 21(a)(1) should the Court direct an alternative method of service.

**2. Service on All Parties to the District Court Proceeding**

Pursuant to Federal Rule of Appellate Procedure 21(a)(1) and Federal Rule of Appellate Procedure 25(c), a copy of the foregoing **Notice of Supplemental Constitutional Arguments**

**and Clarification Regarding Venue Challenge** was served by electronic mail on all counsel of record for the parties in the underlying district court action.

**3. Method of Service**

All service described above, where effected, was completed by electronic mail, which is a permitted method of service under Federal Rule of Appellate Procedure 25(c).

I declare under penalty of perjury that the foregoing is true and correct.

Date: **February 22, 2026**

/s/ **Azad Kabir, M.D., M.S.P.H.**

Azad Kabir, M.D., M.S.P.H.

Petitioner, Pro Se