**IN THE UNITED STATES COURT OF APPEALS**

FOR THE FEDERAL CIRCUIT

**In re: Kabir,**

Petitioner.

**No: 26-128**

On Petition for a Writ of Mandamus

from the United States District Court

for the District of New Jersey

(Civil Action No. 2:25-cv-15207 (EP) (JSA))

---

**NOTICE OF SUPPLEMENTAL FACTUAL DEVELOPMENTS AND DECLARATION OF ONGOING DOCKETING DELAY**

**1.** Petitioner Azad Kabir respectfully submits this supplemental notice to apprise the Court of factual developments occurring after the filing of the **Petition for Panel Rehearing**, including ongoing administrative irregularities, procedural asymmetries, and the unauthorized revocation of electronic notice that further demonstrate the inadequacy of the District Court's current mandates.

**2.** This appeal requires an answer to a question of exceptional importance: **Whether a district court's refusal to grant a *pro se* litigant CM/ECF access, while mandating a secondary, delayed "ADS" or paper-filing system for pro se litigants, creates a**

**"Procedural Asymmetry" that violates the principle of equal access to the court under the Fifth Amendment (the law).**

**I. DECLARATION OF ONGOING DELAY (MARCH 2026)**

3. On February 27, 2026, after the rejection of the writ of mandamus, Petitioner dispatched via Federal Express a **Motion for Leave to File a Fourth Amended Complaint** and the **Proposed Fourth Amended Complaint** to the District of New Jersey.

4. Federal Express tracking and internal records confirm the District Court received these documents on **March 2, 2026 (**signed by R. Rosa) **[see Exhibit 1]**.

5. As of **March 4, 2026**, these filings have not been entered into the public docket, representing an ongoing multi-day administrative lag.

6. This delay mirrors the prior **12-day delay** (November 24 – December 5, 2025) and the **9-day delay** (January 8 – January 16, 2026) identified in the Petition for Rehearing.

**II. EVIDENCE OF SYSTEMIC DOCKETING DELAYS (APPENDIX A)**

7. Petitioner incorporates **Appendix A**, "Plaintiff Filings: Table of Filed/Received Dates vs. Docket Entry Dates," which documents a recurring pattern of administrative lag within the District Court's ADS and paper-filing systems. This record, originally established in Petitioner's *Notice of Record Preservation* (Step 2), demonstrates that since November 20, 2025, filings have been consistently docketed for several days—and in some instances, nearly two weeks—after receipt.

**8.** Under the current alternate filing system (ADS or paper filing system), Petitioner is required to serve defendants via email simultaneously with his submission to the Court. This creates a "procedural asymmetry" in which the human chain responsible for processing alternate filings is given advance notice of Petitioner's legal strategies and evidence, leaving the door open to social engineering through the docketing of Petitioner's filings. This delay in docketing—contrasted with the immediate electronic filing access enjoyed by Defendants—provides an opportunity for interested parties to confer and potentially interfere with the judicial record.

**9.** The inherent hypocrisy and failure of the mandated alternative filing systems are underscored by the District Court's own prior assertions; on November 21, 2025 (ECF No. 110), the court acknowledged that filings were made via the ADS system but stated that **"those filings have not yet been docketed, and the Court is therefore unable to consider them."** Consequently, the mandated "alternative" filing system creates a recurring "blackout period" where Petitioner's motions and oppositions sit in a legal vacuum, unheard by the Court, while the Defendants' clock for response is effectively extended. This systemic delay confirms that the District Court's current mandates function as a procedural blockade, denying Petitioner the contemporaneous judicial review afforded to represented parties.

**III. UNAUTHORIZED TERMINATION OF ELECTRONIC NOTIFICATIONS**

**10.** Petitioner provides notice that the District Court has unilaterally terminated all electronic email notifications to the Petitioner.

**11.** This cessation of service occurred even though the District Court's Order (D.E. 192) contains no express directive or legal finding authorizing the revocation of electronic **notice**, as opposed to electronic ADS **filing**.

**12.** By cutting off email alerts, the Court has shifted the entire burden of monitoring the case to the Petitioner, requiring manual docket checks multiple times per day to ensure no deadlines are missed.

## IV. COMPOUNDING FINANCIAL AND PROCEDURAL BURDENS

**13.** **Non-Professional Litigant Status:** Petitioner is a practicing physician with significant professional responsibilities; this litigation is not his full-time occupation.

**14.** **Economic Deprivation:** The combination of a 1,000-mile geographic barrier, the high cost of paper filing technical exhibits, and the removal of automated notice creates a "financial toll" that is prohibitive.

**15.** **Inequity of Infrastructure:** While the Defendants continue to receive instantaneous, automated electronic alerts and filing via CM/ECF, the Petitioner is relegated to a manual, time-intensive, and failing paper-filing system.

## V. CONSTITUTIONAL ARGUMENT REGARDING PROCEDURAL ASYMMETRY

**16.** **Symmetry of Access:** Petitioner asserts that for proceedings to remain equitable under the **Fifth Amendment**, the Court must ensure symmetry. This requires either granting Petitioner **CM/ECF access** (consistent with Federal Circuit standards) or requiring all parties to use the same manual filing methods to eliminate infrastructure advantages.

**17.** **Due Process & Equal Protection:** The Fifth Amendment requires "meaningful access" to the courts. Petitioner asserts that a system allowing represented parties **instantaneous** CM/ECF access while subjecting a distant pro se litigant to a **3-to-12-day** administrative "blackout" period is constitutionally infirm.

**18.** **The "Informal Extension" Problem:** Because the defendants enjoy real-time notice while Petitioner's filings sit in a physical queue, the District Court has effectively granted the defense an unearned strategic advantage of approximately **50 cumulative days** of additional response time.

**19.** **The Requirement for Symmetry:** Petitioner submits that for the proceedings to remain equitable, the Court must ensure **Symmetry of Access**. This requires either:

**a.** **Equal Electronic Access:** Granting Petitioner CM/ECF access to ensure simultaneous filing and notice; or

**b.** **Equal Paper Access:** Requiring all parties to file via paper to eliminate the infrastructure advantage currently weaponized against the Petitioner.

**20.** The Fifth Amendment guarantees litigants a "meaningful opportunity to be heard." See *Boddie v. Connecticut*, 401 U.S. 371 (1971). A system that allows one party instantaneous filing and notice while imposing multi-day administrative delays on the opposing party undermines that principle.

## VI. LOSS OF PROCEDURAL NEUTRALITY AND STRUCTURAL PREJUDICE

**21.** The cumulative effect of the District Court's actions—specifically the combination of striking opposition briefing, revoking electronic filing, and now terminating electronic notifications—has materially altered the adversarial framework.

**22.** The ongoing docketing delays (such as the March 2, 2026, filing still being undocketed) prove that the court's manual system is functionally incapable of providing the "meaningful access" required by the Fifth Amendment.

**23.** When a court's administrative mandates result in a "blackout" of notice and a "blockade" of filing for a pro se litigant while granting represented parties instantaneous access, the court's ability to maintain a neutral playing field is compromised.

**VII. Reassertion of Requested Supervisory Relief**

**24.** Petitioner respectfully **reasserts** his requests that this Court issue a writ of mandamus directing limited, procedural, and supervisory relief, including the following, in the Court's discretion:

a. **Order transfer or reassignment of venue**, as appropriate, as essential relief necessary to restore procedural parity, ensure reliable electronic docket access equivalent in function to that afforded represented parties, and remedy structural asymmetry arising after September 17, 2025;

b. Set aside for reconsideration, hold in abeyance, or otherwise address proceedings occurring **after September 17, 2025**, to the extent necessary to cure resulting procedural prejudice arising from post-transfer filing-access constraints; and

c. Permit Petitioner to file a **Fourth Amended Complaint**, which would cure alleged deficiencies and procedural irregularities attributable to the post-transfer procedural

constraints identified herein and allow the action to proceed on a consolidated and orderly procedural footing.

**VIII. CONCLUSION**

**25.** The current delay in docketing the March 2, 2026, submission is not an isolated incident but a **systemic barrier**. Rehearing is warranted to determine whether a 1,000-mile paper-filing requirement, which results in "informational asymmetry" and "selective docketing," violates the core tenets of the Fifth Amendment. The District Court's actions have moved beyond mere "filing preferences" and have entered the realm of active procedural obstruction. Rehearing is warranted to ensure that the functional barriers—geographic, financial, and procedural—do not result in the summary deprivation of Petitioner's intellectual property rights.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Respectfully submitted,**

*[signature: Azad Kabir]*

**/s/ Azad Kabir**

Azad Kabir, M.D., M.S.P.H.

Petitioner, Pro Se

1120 Beach Blvd

Biloxi, MS 39530

Email: azad.kabir@ddxrx.net;

Tel: (228) 342-6278

**Dated: March 4, 2026**

**Appendix A, entitled "Plaintiff Filings: Table of Delays (Filed/Received Dates vs. Docket Entry Dates**):

| **Filed Date** | **ECF** | **Docket text** | **Docket Date (Delay)** |
|---|---|---|---|
| **11/20/2025** | 107 | Notice of Motion to file Ex. 32.2 under seal | 11/21/2025 (1) |
| **11/20/2025** | 111 | Motion for leave to file under seal (Opp to WebMD MTD) | 11/24/2025 (4) |
| **11/20/2025** | 115 | MOTION for leave to file oversized brief | 11/26/2025 (6) |
| **11/21/2025** | 108 | Letter to Judge Padin | 11/21/2025 (0) |
| **11/21/2025** | 114 | Response to Court Order ECF 110 | 11/26/2025 (5) |
| **11/24/2025** | 112 | Motion for leave to file out of time/extension | 11/25/2025 (1) |
| **11/25/2025** | 113 | Motion for leave to file oversized brief | 11/25/2025 (0) |
| **11/24/2025** | 119 | Motion for leave to file under seal (Opp to Thoughti MTD) | 12/04/2025 (11) |
| **11/24/2025** | 120 | Notice re record preservation/docketing issues | 12/04/2025 (11) |

| | | | |
|---|---|---|---|
| **12/01/2025** | 124 | Motion for leave to file under seal (Opp to Thoughti MTD) cover | 12/08/2025 (7) |
| **12/01/2025** | 125 | Motion for leave to file under seal (Opp to WebMD MTD) cover | 12/08/2025 (7) |
| **12/01/2025** | 126 | Motion for leave to file oversized brief (WebMD MTD) cover | 12/08/2025 (7) |
| **12/01/2025** | 127 | Motion for leave to file out of time/extension (cover) | 12/08/2025 (7) |
| **12/02/2025** | 121 | Motion for leave to file supplemental exhibit/addendum | 12/05/2025 (3) |
| **12/02/2025** | 132 | Notice re record preservation/docketing issues (cover letter) | 12/09/2025 (7) |
| **12/02/2025** | 133 | Opposition to WebMD MTD (filed subject to leave) | 12/09/2025 (7) |
| **12/02/2025** | 134 | Opposition to Thoughti MTD | 12/09/2025 (7) |
| **12/02/2025** | 135 | Response re Thoughti mischaracterization (ECF 116) | 12/09/2025 (7) |
| **12/07/2025** | 130 | Response in Opposition re Thoughti MTD (w/ exhibits) | 12/09/2025 (2) |
| **12/07/2025** | 131 | Exhibits for WebMD opposition (redacted version) | 12/09/2025 (2) |
| **12/07/2025** | 136 | Opposition to WebMD MTD (40 pp; subject to leave) | 12/09/2025 (2) |
| **12/07/2025** | 140 | Exhibits to ECF 136 | 12/10/2025 (3) |

| | | | |
|---|---|---|---|
| **12/11/2025** | 142 | Letter re Appendix S DCO (attachments) | 12/11/2025 (0) |
| **12/11/2025** | 147 | Letter requesting 1-week extension for 30-page oppositions | 12/16/2025 (5) |
| **12/15/2025** | 148 | Notice of Plaintiff execution of DCO (Appendix S) | 12/16/2025 (1) |
| **12/17/2025** | 150 | Court **GRANTS** the extension request. | 12/17/2025 (0) |
| **12/16/2025** | 151 | Updated motion for leave to file under seal (attachments) | 12/19/2025 (3) |
| **12/12/2025** | 152 | Letter to Judge Padin and Judge Allen | 12/22/2025 (10) |
| **12/27/2025** | 153 | Notice of Record Preservation Regarding Docketing Burdens on Pro Se Litigants: Step 1 | 12/30/2025 (Business Day 2) |

**Attachment**

**Exhibit 1:** FedEx Proof-of-Delivery for tracking number 889146188090, delivered to the District Court on March 2, 2026, at 9:41 AM, and signed for by 'R. Rosa'.

**CERTIFICATE OF SERVICE**

*(Fed. R. App. P. 21; Fed. Cir. R. 21)*

I, **Azad Alamgir Kabir, M.D., M.S.P.H.**, Petitioner proceeding pro se, hereby certify on **March 4, 2026**, that service of the foregoing **Notice of Supplemental Factual Developments and Declaration of Ongoing Docketing Delay** was made as follows:

**1. Service on the District Court Judge**

Pursuant to Federal Rule of Appellate Procedure 21(a)(1), service on the Honorable Evelyn Padin, United States District Judge for the District of New Jersey, is ordinarily required for notice purposes. In light of D.E. 192, which restricts email communications and references potential sanctions, and given that prior service communications directed to chambers were characterized as ex parte, Petitioner has effected service by Federal Express certified mail addressed to the Clerk's Office of the United States District Court for the District of New Jersey for proper routing and docketing in accordance with applicable procedures.

Petitioner submits this explanation solely to preserve the record and does not intend to waive compliance with Rule 21(a)(1) should the Court direct an alternative method of service.

**2. Service on All Parties to the District Court Proceeding**

Pursuant to Federal Rule of Appellate Procedure 21(a)(1) and Federal Rule of Appellate Procedure 25(c), a copy of the foregoing **Notice of Supplemental Factual Developments and Declaration of Ongoing Docketing Delay** was served by electronic mail on all counsel of record for the parties in the underlying district court action.

**3. Method of Service**

All service described above, where effected, was completed as follows: service on the Honorable Evelyn Padin was made by Federal Express overnight delivery addressed to the Clerk's Office of the United States District Court for the District of New Jersey for proper routing, and service on all other parties was completed by electronic mail, a permitted method of service under Federal Rule of Appellate Procedure 25(c).

I declare under penalty of perjury that the foregoing is true and correct.

Date: **March 4, 2026**

/s/ **Azad Kabir, M.D., M.S.P.H.**

Azad Kabir, M.D., M.S.P.H.

Petitioner, Pro Se